UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.	Case No. 23-cr-65 (JNE/LIB)
ORDER

Davone Montrail Johnson,

    Defendant.

Asserting that law enforcement officers prolonged a traffic stop without reasonable suspicion of criminal activity, Defendant moved to suppress evidence obtained from his person and a vehicle in June 2022. The Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the motion be denied. Defendant objected. He did not "challenge the stop of the vehicle." Instead, "he challenge[d] his seizure and the fruits of his seizure after the traffic stop was unjustifiably prolonged without reasonable articulable suspicion of criminal activity." The government responded that "any extension of the stop was based on reasonable suspicion." Based on a de novo review of the record, *see* Fed. R. Crim. P. 59(b)(3), the Court overrules the objection and denies the motion to suppress.

Notwithstanding Defendant's assertion that Sergeant Kuhn "testified that it would take only five minutes to run the standard checks on multiple people," Sergeant Kuhn testified that it would take "at least" five minutes to run standard checks on multiple people and that "[s]ometimes it's delayed." In this case, it took him approximately eight

1

minutes.  During that time, Deputy Nohre, after a brief conversation with Sergeant Kuhn, decided to talk with the individuals in the vehicle.

Deputy Nohre's conversation with the individuals in the vehicle started approximately four minutes after Sergeant Kuhn had returned to his vehicle to conduct the standard checks.  As the magistrate judge noted, "Deputy Nohre was authorized to approach the vehicle and ask the occupants questions during the time that [Sergeant] Kuhn was checking IDs because such actions by [Deputy Nohre] did not <u>extend</u> the stop."  *See United States v. Mathes*, 58 F.4th 990, 993 (8th Cir. 2023).

Deputy Nohre smelled marijuana "when [he] initially made contact" with the individuals in the vehicle.[1]  He also smelled air freshener.  By the time Deputy Nohre smelled marijuana, there was reasonable suspicion of additional criminal activity to justify extension of the traffic stop based on the information obtained by the officers and their observations.  *See United States v. Callison*, 2 F.4th 1128, 1132 (8th Cir. 2021); *United States v. Mosley*, 878 F.3d 246, 254 (8th Cir. 2017); *United States v. Smith*, 789 F.3d 923, 928-29 (8th Cir. 2015).  Insofar as it is consistent with the foregoing, the Court accepts the recommended disposition [Docket No. 52].  Therefore, IT IS ORDERED THAT Defendant's motion to suppress [Docket No. 31] is DENIED.

Dated: November 30, 2023

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge

---

[1] Sergeant Kuhn did not smell marijuana.  He testified that he had "had COVID," that "part of that is [he] lost [his] smell," and that, "ever since, . . . [his] smell will come and go on certain things, and one of which is marijuana."